**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CARPATHIAN RESOURCES LIMITED,**

    **Plaintiff,**

v.                                             Case No.  8:12-cv-702-T-30MAP

**DAER HOLDINGS, LLC and**
**PUMA FOUNDATION LTD.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant DAER Holdings, LLC's motion to dismiss (Dkt. 4) and Plaintiff's response in opposition (Dkt. 7). The Court, having considered the motion, response, and being otherwise advised of the premises, concludes that the motion should be denied.

## BACKGROUND

Plaintiff Carpathian Resources Limited filed the instant lawsuit for judgment on a promissory note against Defendant DAER Holdings, LLC and fraudulent transfer against Defendant Puma Foundation Ltd.

Carpathian alleges that on or about March 27, 2008, it disbursed $750,000 to DAER in exchange for an unsecured promissory note issued from DAER to Carpathian dated March 31, 2008. Carpathian alleges that DAER subsequently issued a wire transfer to Puma in the amount of $212,709.02 and DAER is insolvent. Carpathian alleges that DAER did not

receive anything of value for its transfer to Puma and that the transfer was fraudulent. Carpathian alleges that DAER is in default of the promissory note.

The complaint alleges a breach of contract claim against DAER for its default under the promissory note and a claim under the Uniform Fraudulent Transfer Act, as codified in Chapter 726 of the Florida Statutes, against Puma. Carpathian alleges that at the time of DAER's transfer to Puma, Carpathian was a creditor of DAER and the transfer was made with the intent to hinder, delay, or defraud Carpathian.

DAER moves to dismiss the complaint based on the following grounds: (1) there is no diversity because Carpathian's principal place of business is in Florida; (2) Carpathian is not the proper party and two indispensable parties are not named in this case; and (3) there is a prior pending state court action. DAER also argues that service on it was improper and should be quashed.

As discussed below, DAER's arguments are without merit and the motion to dismiss is denied.

## DISCUSSION

**I.      Are the Parties Diverse?**

DAER contends that the parties are not diverse because Carpathian's principal place of business is in Florida. Curiously, DAER does not rely on any sworn evidence to assert this point and makes general statements that Carpathian "is directed and controlled from the State of Florida."

Carpathian counters, with verified statements from David E. Hammer, its Director, that it is domiciled in Australia, it is a holding company without any business (i.e., it owns stock in other companies), it has never had an office in the United States, it has "no nerve center in any physical place in Florida", it owns no real estate in Florida, its only connection to Florida is that three of its seven directors live in Florida, and it is not directed or controlled from Florida.

Upon consideration of these arguments, the Court concludes that DAER's argument is wholly without merit; DAER's contention that Carpathian's principal place of business is in Florida is nothing more than conjecture.

**II.     Is Carpathian the Proper Party?**

DAER argues that this case should be dismissed because Carpathian transferred its rights in the promissory note to another entity or entities. Again, DAER does not rely on any sworn or verified evidence in support of this argument.

Carpathian counters that DAER's statements are false and it is presently the holder of all rights in the promissory note.

At this stage, the Court must assume the truth of the allegations. The complaint asserts a basic breach of contract claim based on the promissory note discussed above. Carpathian alleges that it is the holder of the note and that DAER is in default. The note is attached to the complaint and supports these allegations. The note does not identify any other interested party.

Accordingly, this argument in favor of dismissal is without merit.[1]

### III.   Is There a Pending State-Court Action that Requires Abstention?

DAER contends that this Court must abstain from this action because there is a prior, pending state-court foreclosure action involving the same subject matter of this case. This argument is curious: although not a model of clarity, the Court assumes that DAER's argument is based on its assumption or suspicion that Carpathian is no longer the owner of the note, which, as stated above, is unsupported in the record and a denial of the truth of Carpathian's well-pled allegations. And as Carpathian points out, this is a breach of contract and fraudulent transfer action, not a foreclosure action. The state-court proceeding DAER relies upon is not a lawsuit involving the promissory note issued from Carpathian to DAER. Simply put, the two actions are unrelated.

Accordingly, this argument is without merit.

### IV.   Was Service on DAER Proper?

DAER's final argument is that service was improper and should be quashed because DAER's registered agent was served during his attendance, under subpoena, in state court. Carpathian counters that the service occurred after the registered agent had been released from his subpoena.

The Court concludes that, under these circumstances, service was proper.

It is therefore ORDERED AND ADJUDGED that:

---

[1] DAER's related argument that there are indispensable parties that need to be joined is denied for the same reasons; the allegations and exhibits to the complaint indicate that Carpathian is the sole holder of the note.

1. Defendant DAER Holdings, LLC's motion to dismiss (Dkt. 4) is hereby denied.

2. DAER shall file an answer to the complaint within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on June 12, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2012\12-cv-702.mtdismiss4.frm